(91 Misc. Rep. 305)

LASHER v. McDERMOTT.

(Supreme Court, Trial Term, Rensselaer County. March, 1915.)

1. WILLS &#9756;68—ESTABLISHMENT OF CLAIMS UNDER ORAL CONTRACT—EVIDENCE—SUFFICIENCY.

One suing an executor for breach of testator's oral contract to devise to plaintiff property in payment for services to be rendered by plaintiff must show the oral contract by clear and convincing evidence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 178–182; Dec. Dig. &#9756;68.]

2. JUDGMENT ☞735—RES JUDICATA.
    A decision of the Court of Appeals that plaintiff, suing for the specific
    performance of a contract by testator to devise property to plaintiff in
    payment for services to be rendered, is not entitled to specific perform-
    ance, or the property having passed to a bona fide purchaser, to an
    award of substituted damages, is binding in a subsequent action by plain-
    tiff for breach of contract, and for the recovery of a quantum meruit based
    on the value of the property to be devised, but does not bar an action for
    the reasonable value of the services rendered.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1263, 1265;
    Dec. Dig. ☞735.]

Action by Abbie Lasher against Thomas F. McDermott, as executor
of Rose Quest, deceased. Judgment for plaintiff.

See, also, 162 App. Div. 232, 147 N. Y. Supp. 446; 205 N. Y. 558,
98 N. E. 1106.

Charles B. Templeton, of Albany, for plaintiff.

Countryman, Nellis & Du Bois, of Albany (Andrew J. Nellis, of Al-
bany, of counsel), for defendant.

RUDD, J. This is an action to recover damages for breach of an
oral contract; the plaintiff alleging that Rose Quest, now deceased,
had agreed to devise to plaintiff premises in the city of Rensselaer,
with some personal property, in payment for services which were
to be rendered by plaintiff to Rose Quest during her illness and the
remainder of her life.

The plaintiff claims that the deceased violated the contract, that she
prevented the plaintiff from performing the services after a certain
date, and that Rose Quest made a last will which did not devise to
her the dwelling, thereby failing on her part to keep the agreement.
Plaintiff rendered services for the deceased, in caring for her and for
her house, for a period of 12 weeks and up to November 27, 1905.
The value of the dwelling house, the devise of which is under con-
sideration, was $1,800, and the value of its contents was $54.25.

In this action, based upon the alleged contract, the plaintiff seeks
to recover, as to the value of the services rendered to the deceased,
an amount represented by the value of the dwelling and its contents;
that is, the sum of $1,854.25, with interest thereon, amounting in all
to $2,883.31. The plaintiff claims that it is an action on quantum
meruit, and that such "quantum" of damages is really determined, not
by the value of the services rendered, but by the value of the property
which did not come to her by devise under the will of deceased, as
plaintiff claims was agreed between them.

This is not the first trial involving the difficulties between these par-
ties. Mrs. Quest died on December 9, 1905. Her will was probated
May 23, 1906, and on the 22d of May, 1907, an action was commenced
against the defendant McDermott, as executor, and James Quest, the
devisee of the dwelling house, and also against Zepf Bros., the then
owners of the dwelling. The trial of that action was had before Mr.
Justice Howard, who found that the evidence supported the contract,
but declined to direct specific performance by Zepf Bros., who were

innocent purchasers, holding that it would be inequitable, and awarded judgment against the executor for the value of the property, $1,800, with interest, and also directed the defendant James Quest to deliver certain household articles which had been turned over to him under the provisions of said will.

The executor appealed to the Appellate Division, which court reversed the judgment and ordered a new trial—the court holding in effect that, the real estate having passed to an innocent purchaser, specific performance could not be decreed; that, the plaintiff having slept upon her rights for six months, making no claim upon the executor or devisee, she cannot, therefore, recover the house and lot. An appeal was taken to the Court of Appeals from the judgment of the Appellate Division, a stipulation for judgment absolute was given, and the Court of Appeals unanimously affirmed the order of reversal of the Appellate Division. 205 N. Y. 558, 98 N. E. 1106.

The Appellate Division had granted a new trial. The plaintiff did not take such trial, but appealed to the Court of Appeals, consenting that judgment absolute should be entered. Such judgment was entered upon the affirmance by the Court of Appeals. On June 26, 1912, seven years after the death of Rose Quest, the plaintiff presented a verified claim to the defendant McDermott, as executor, for services, for the sum of $1,854.25, the value of the dwelling house and its contents, and in December, 1912, began this action to recover that amount.

[1] The evidence upon this trial is not the same as upon the previous trial. The burden is upon the plaintiff to show the oral contract which she alleges was made between herself and the testatrix. Several witnesses were called. There is no evidence in this record which shows exactly the terms of the alleged contract. The evidence does not sustain the plaintiff's contention. No one witness corroborates another. No two witnesses agree.

This court is asked to decree that the value of this house and its contents, amounting in principal alone to the sum of $1,854.25, should be awarded to the plaintiff for her services as an attendant and housekeeper for a few weeks. If this is to be done, and if such a finding is to be made by the court, the contract should be proven with a degree of certainty and definiteness, and it should be established by clear and convincing evidence. The admissions of the testatrix, concerning which evidence is given, a poor, sick woman as she was, are of very little convincing force.

[2] The Court of Appeals held that the plaintiff is not entitled to equitable relief for a specific performance of the contract, or for an award of substituted damages, and that decision is binding and controlling on this court. The plaintiff pursued her equitable relief against James Quest, the devisee, and now we are considering another action, brought seven years after the death of the testatrix, which is an action on quantum meruit for breach of contract; in fact, the same action exactly as has once heretofore been determined.

To ask the judgment of the court on a quantum meruit based upon the value of the dwelling house in question makes the action thus brought nothing more nor less than an action on a contract, asking for

a .specific performance of the contract, which means either that the plaintiff should recover the dwelling house or its agreed value. That is not a quantum meruit; that is not the amount which the plaintiff merits by reason of her services; it is the amount of money which she merits because of the contract, if it is anything. In other words, an action on quantum meruit, which quantity is measured by the house, or the value of the house, involved in the alleged contract, is not a measuring of the value of the service by the services rendered; it is in effect an action decreeing a specific performance, and that action has once, as heretofore stated, been disposed of. The plaintiff had her remedy, and she had counsel, learned in the law, to advise her, and she could have taken a new trial of the action under the decision of the Appellate Division. She saw fit, under the advice of her counsel, not to take such trial, but to rely upon reversing the Appellate Division in the Court of Appeals, in which effort she, failed.

The plaintiff is entitled to recover the value of her services under all the circumstances, even at this late day; but this court cannot, under the evidence, find justification for awarding to her for the services which she did render the principal sum of $1,854.25, with interest; that is not the amount of money which she merits for the services rendered. It is not overlooked that the Appellate Division, in its consideration of the appeal in the former case, determined that a contract had been entered into; but that finding was not based upon the evidence that makes the record here. The evidence there was very different from what is here presented. The evidence does not sustain here the finding that such a contract was entered into.

The plaintiff produced no proof as to the value of her services, relying upon the plaintiff's contention that the value of the services rendered was represented by the value of the dwelling house. The defendant introduced evidence of the value for services of the character rendered by the plaintiff, and the evidence was that such services were worth $15 a week. Plaintiff was engaged in the services which she rendered for a period of 12 weeks. The former action is not a bar to this action; it is, however, a determination as to how the damages of plaintiff are here to be fixed.

The plaintiff is therefore entitled to judgment for the principal sum of $180, with interest from the date of the death of Rose Quest, December 9, 1905, together with costs.